

United States District Court
Southern District of Texas
ENTERED
AUG 26 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
FILED
AUG 26 1998
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| H. L. WATKINS, JR.<br>AKA HORACE LAMAR WATKINS | § § § | |
| VS. | § § | CIVIL ACTION NO. B-95-183 |
| THE STATE OF TEXAS, ET AL. | § § § § | |
| H. L. WATKINS, JR. | § § | |
| VS. | § § § | CIVIL ACTION NO. V-98-0024 |
| DEPUTY COURT CLERK, JUAN BARBOSA, SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION; DISTRICT JUDGE FILEMON B. VELA; MAGISTRATE JUDGE FIDENCIO G. GARZA, JR.; ASS'T U.S. ATTORNEY NANCY L. MASSO; U.S. DEA AGENT, STEVEN BALTHROP; U.S. DRUG ENFORCEMENT ADM.; U.S. ATTORNEY GENERAL, JANET RENO; U.S. DEPARTMENT OF JUSTICE | § § § § § § § § § § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November 14, 1995, H. L. Watkins, Jr., aka Horace Lamar ("Watkins") filed this *pro se* 42 U.S.C. § 1983 case against the State of Texas. This case was assigned Cause No. B-95-183. Not much happened until February 14, 1997, when Watkins amended his Complaint. The suit is now styled:

H.L. Watkins, Jr., aka Horace Lamar Watkins aka John Watkins vs. Joe Morales, Crispin C. Trevino, Robert Rapp, Eloy Cano, Oscar Ponce, Luis V. Saenz, Cameron County, Texas, Yolanda

De Leon as Cameron County, Texas District Attorney, James Yo Sitgreaves, John Lee Carrington, Alfredo Padilla, The State Bar of Texas, Darrel B. Hester, Fernando Mancias, Robert Flowers, State Commission on Judicial Conduct, Hidalgo County, Texas, Larry Councilman, Steven Balthrop, U.S. Drug Enforcement Agency, Dan Morales, The State of Texas.

Sifting through Watkins Amended Complaint (Docket No. 14) is not without difficulties

> The indictment had never been clearly expressed,
>   And it seemed that the Snark had begun,
> And had spoken three hours, before any one guessed
>   What the pig was supposed to have done.
>                         Lewis Carroll "The Hunting of the Snark"

The underlying incident which provoked this case occurred on June 4, 1990, when Watkins, and Whitfield Palmer were arrested by agents of the Cameron County Drug Enforcement Task Force.

According to the Report of Investigation which is part of the State Court Records, (pp. 28-35) Watkins some time prior to his arrest entered into negotiations with Joe Morales, a member of the Cameron County Drug Enforcement Task Force. Watkins indicated that he represented a group from Florida which wished to purchase 2000 pounds of marihuana. Negotiations and discussions concerning transportation arrangements continued during May 1990. By June 4, 1990, Watkins had agreed to purchase 56 pounds at $375.00 per pound. A meeting was arranged at a gasoline station near La Feria, Texas. Watkins and Palmer were arrested. $25,600.00 was seized. According to the State Court Records which are an exhibit in this case, Watkins and Whitfield Palmer were indicted (Records of State Court Proceedings p. 1) on July 25, 1990, and charged with intentionally and knowingly investing funds to further the commission of the offense of aggravated possession of marihuana. Watkins who had been arrested on June 4, 1990, had been released on a $25,000.00 personal recognizance bond on June 22, 1990.

On October 8, 1990 Watkins pled guilty to illegal investment in state court. On December 3, 1990, he was placed on ten years probation and fined $5,000.00 (see Records of State Court Proceedings pp. 63-66). The judgment was signed by the Hon. Fernando Mancias of Hidalgo County, Texas, who was sitting in place of the Hon. Darrell Hester of the 197th Judicial District Court of Cameron County, Texas.

Watkins conviction and sentence have never been set aside.

In his Amended Complaint, Watkins embarks on an attack on everyone involved in his case, investigators, judges, lawyers, prosecutors, the State Bar of Texas, Drug Enforcement Agency agents, Hidalgo and Cameron Counties, and other agencies. The gravamen of this attack is that Watkins is the victim of a racially and ethnically motivated conspiracy and that he is totally innocent of the charges which were brought against him.

Displeased with the course of the Brownsville case and particularly distressed by a Report and Recommendation (Docket No. 111) prepared by U.S. Magistrate Judge Fidencio Garza recommending dismissal of the claims against Steve Balthrop and Larry Councilman, agents of the Drug Enforcement Administration, Watkins filed a scandalous, vituperative pleading accusing Judge Garza of being racially prejudiced. Watkins continued to file frivolous motions, *e.g.* Docket No. 118 Watkins Motion to Remand Assistant U.S. Attorney's Motion for Correction of Clerical Errors. Watkins was distressed because the government filed a Motion that referred to him in the caption as Homer Lamar Watkins, Jr. In his Motion Watkins refers to "...a non-existent person..." In his own caption, Watkins refers to himself as H.L. Watkins Jr. or Homer Lamar Watkins. This is just one example of the absurdities in this file.

On March 17, 1998, Watkins filed another suit in the United States District Court for the

3

Southern District of Texas, Victoria Division. The allegations in the Victoria case are substantially identical to the Brownsville case with the added fillip of naming the Juan Barbosa, Chief Deputy Clerk of the Brownsville Division, U.S. District Judge Filemon B. Vela and U.S. Magistrate Judge Fidencio G. Garza as defendants. The Victoria case was consolidated with the Brownsville case by an Order signed by U.S. District Judge Hilda G. Tagle.

All of the Defendants have filed dispositive Motions which should be granted for the following reasons.

### THE JUDGES

The Defendants include the following members of the judiciary, both state and federal:

1. Eloy Cano, Justice of the Peace

2. State District Judge Darrell B. Hester

3. State District Judge Fernando Mancias

4. United States District Judge Filemon B. Vela

5. United States Magistrate Judge Fidencio G. Garza

The judges have raised the defenses of limitations (this defense is not raised by the federal judges) and judicial immunity in their dispositive Motions. (Cano Motion Docket No. 23, Mancias Motion, Docket No. 30, Mancias and Hester Motion Docket No. 32, Hester Amended Motion Docket No. 41; Judges Vela and Garza Motion to Dismiss, Victoria file Docket No. 14).

The incidents complained of by Watkins occurred during a period of time from June 4, 1990, when Watkins was arrested through December 3, 1990, when he pled guilty and was sentenced. His suit was filed on November 14, 1995. Judges Cano, Hester and Mancias were added as parties on February 14, 1997. It is axiomatic that limitations in § 1983 cases is governed by state law *Gartrell*

4

*v. Gaylor*, 981 F.2d 254, 256-257 (5th Cir. 1993) . In Texas, limitations for claims such as those made by Watkins is two years. Tex. Civ. Prac. and Rem. Code Ann. § 16.003(a). The limitations defense is good.

Additionally, all the judges, state and federal, are protected by the doctrine of judicial immunity. All of the acts complained of by Watkins were done by the judges in the performance of their judicial duties. Judicial immunity protects all the judges from Watkins claims. *Boyd v. Biggers*, 31 F.3d 279, 284-285 (5th Cir. 1994); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995)

Watkins claims against all the judges should be dismissed on the grounds of judicial immunity. and, with respect to the state judges, limitations.

THE TEXAS STATE AND CAMERON AND HIDALGO COUNTY OFFICIALS AND AGENCIES

The following Texas, Cameron and Hidalgo County officials and agencies have been named as parties by Watkins:

    1. The State of Texas

    2. Cameron County, Texas

    3. Hidalgo County, Texas

    4. Texas Attorney General Dan Morales.

    5. Former Cameron County Attorney Luis Saenz

    6. Cameron County Attorney Yolanda De Leon

    7. Former Assistant Cameron County Attorney Oscar Ponce

    8. State Commission on Judicial Conduct

    9. State Bar of Texas

10. Robert Flowers, Executive Director State Commission on Judicial Conduct

11. Robert Rapp, an officer assigned to the Cameron County Drug Enforcement Task Force

12. Crispin C. Trevino, an officer assigned to the Cameron County Drug Enforcement Task Force

13. Joe Morales, an officer assigned to the Cameron County Drug Enforcement Task Force

These defendants have filed dispositive Motions (State of Texas Docket No. 7; Cameron County, Texas Docket No. 16; Luis Saenz Docket No. 20; State Bar of Texas Docket No. 27; Joe Morales, Oscar Ponce, Yolanda De Leon Docket No. 31; Robert Rapp Docket No. 34; Crispin C. Trevino, Docket No. 37; Hidalgo County, Texas Docket No. 40; The State of Texas, Robert Flowers, Dan Morales, The State Commission on Judicial Conduct Docket No. 41).

With respect to the State of Texas, the State Bar of Texas, the Commission on Judicial Qualifications, Watkins has a serious problem of constitutional dimensions. All of these agencies and individuals have sovereign immunity. The Eleventh amendment to the U.S. Constitution bars this suit in the absence of a waiver of this immunity. *Alabama v. Pugh*, 438 U.S. 781 (1978).

Limitations bars any claims Watkins has against these individuals and entities. He filed his claims against these individuals and entities over six years after the occurrence he complains about.

Additionally, Watkins faces a serious substantive problem. The Supreme Court has held that in order to recover § 1983 damages for an unconstitutional conviction or any unlawful activity which would render a conviction or sentence invalid, the conviction must have been set aside. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994) Watkins conviction has not been set aside. The claims against all the state agencies, individual state officers, counties and county officers and employees should be dismissed.

6

## FEDERAL OFFICIALS AND AGENCIES

Watkins has sued the Attorney General of the United States, Janet Reno, The Department of Justice, the Drug Enforcement Administration, Assistant United States Attorney Nancy Masso, Juan Barbosa, Deputy District Clerk, and Agents Councilman and Balthrop of the U.S. Drug Enforcement Administration. U.S. Magistrate Judge Fidencio G. Garza submitted a Report and Recommendation on November 24, 1997, recommending that the case against Councilman and Balthrop be dismissed. (Docket No. 111)

The defendants in the Victoria case have filed a Fed. R. Civ. P. 12(b)(1)(6) Motion to Dismiss (Docket No. 1 in the Victoria case file).

Watkins complaints against Assistant United States Attorney Masso are offensive and legally insufficient. He seems irate that she raised a limitations defense to his § 1983 claims based on the black letter rule that the statute of limitations in § 1983 cases is drawn from the state limitations statutes. All of Watkins complaints against the Drug Enforcement Administration and it agents took place in June 1990. Watkins claims against them, by his own admission, page six of Watkins Original Petition (docketed as No. 1 in the Victoria case) were filed on February 14, 1997. In any event, Ms. Masso is entitled to absolute immunity for actions taken in representing the government. *Saunders v. Bush*, 15 F.3d 64, 67 (5th Cir. 1994)

Watkins claims against Deputy Clerk Barbosa are based on his failure to issue a writ of execution. The short answer to this claim is that there are no judgments which would give rise to the issuance of a writ of execution. Fed. R. Civ. P. 69. The Clerk, acting under the authority of the judge, as Watkins alleges in his pleadings (p. 11 Victoria Petition), is entitled to absolute immunity. *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)

7

The Clerk is entitled to qualified immunity as well. Watkins allegations against the Clerk consist of nothing more than a vague diatribe that the Clerk was involved in a conspiracy. This type of non specific allegation will not defeat a claim of qualified immunity. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)

The Attorney General, Janet Reno should be dismissed on two grounds. Watkins only claims against her, found on p. 15 of his Victoria petition, are based on the doctrine of respondeat superior. In fact, p.15 of Watkins Victoria petition is styled "RESPONDEAT SUPERIORS." Watkins alleges no acts on the part of General Reno which would make her liable to him. There is no liability in a *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) case under the doctrine of Respondeat Superior. *Abate v. Southern Pacific Transportation Co.*, 993 F.2d 107, 110 (5th Cir. 1993)

Watkins claims against the U.S. Department of Justice and The Drug Enforcement Administration should be dismissed on several grounds:

First: Watkins did not comply with the administrative provisions of the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2675(a) which require presentation of a claim for tort damages within two years of the accrual of a cause of action. This is a jurisdictional requirement which Watkins has not met. *United States v. Burzynski Cancer Research Institute*, 819 F.2d 1301, 1306-1307 (5th Cir. 1987)

Second: As mentioned with respect to the claims against the Attorney General, the doctrine of Respondeat Superior is not available to a Plaintiff in a *Bivens* case.

These claims should be dismissed.

## THE LAWYERS

Watkins has sued three lawyers, Alfredo Padilla, John Carrington and James Sitgreaves. All have filed responsive pleadings. (Sitgreaves Docket No. 21; Padilla Docket No. 25, Carrington Docket No. 26)

Mr. Padilla was Watkins court appointed attorney. In his answer he raises a defense of limitations.

The last legal matter concerning Watkins with which Mr. Padilla dealt took place in December 1990, when Watkins was sentenced. Watkins complaints against Padilla are found on pp. 29 and 35 of the Amended Complaint (Docket No. 14). All these activities took place in 1990. Limitations ran long before the Amended Complaint was filed against Padilla. It should be dismissed.

The complaints against Mr. Carrington are found on pp. 24-25 of Watkins First Amended Complaint. They relate to matters which took place in 1990. They are barred by limitations and the case against Carrington should be dismissed.

The complaints against Mr. Sitgreaves are found on pp. 19-21 of the First Amended Original Complaint. They all deal with matters which took place on June 4, 1990, and are clearly barred by limitations. By Watkins own admission, Mr. Sitgreaves never had an attorney client relationship with him with respect to the criminal matter for which Watkins was prosecuted. The case against Mr. Sitgreaves should be dismissed.

## PENDING MOTIONS

The list of pending motion filed by Watkins is extensive. None have any merit. They should all be summarily denied.

9

## FURTHER PROCEEDINGS

It is recommended that the Order dismissing Watkins case advise him that in the event he files more cases dealing with the events made the basis of the two he has filed in Brownsville and Victoria that they will be dismissed and monetary sanctions be imposed. *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 26th day of August 1998.

John Wm. Black
United States Magistrate Judge